Syllabus.

## LEONG SAM v. HARRY KELIIHOOMALU.

## No. 1122.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.
HON. C. K. QUINN, JUDGE.

SUBMITTED OCTOBER 14, 1918.          DECIDED OCTOBER 28, 1918.

COKE, C. J., KEMP AND EDINGS, JJ.

PLEADING—*effect of evidence on nature of action.*
     Where the complaint sets up a case of damages for assault and
battery and the defendant answers by general denial, but defend-
ant, a police officer, offers evidence tending to justify his action
on the ground that such violence as he used was necessary in ar-
resting plaintiff for a penal offense committed in his presence and
plaintiff offers evidence tending to show that no offense had in
fact been committed and that more force than was reasonably
necessary to effect an arrest was used, held, that this did not
change the case to one for false imprisonment.

ASSAULT AND BATTERY—*liability of peace officer in making arrest.*
     A peace officer is not liable for injuries inflicted by him in the
use of reasonably necessary force to preserve the peace and main-
tain order or to overcome resistance to his authority; but is
liable if unnecessary violence is used to accomplish the purpose
or if he assaults a person without just excuse.

SAME—*instructions.*
     In an action for assault and battery it is not error to refuse
requested instructions not applicable to such a case.

OPINION OF THE COURT BY KEMP, J.

The first material inquiry in this case is as to the nature
of the plaintiff's action. Is it an action for damages for
false imprisonment or an action for damages for assault
and battery?

The material allegations of the complaint follow:

"The undersigned, Leong Sam, residing at Olaa, County
and Territory of Hawaii, claims of Harry Keliihoomalu,
defendant, residing at Olaa, County and Territory of

Hawaii, the sum of Two Thousand ($2000.00) Dollars, for actual and exemplary damages resulting to him from injury done by the said defendant to his person and his feelings, in that the defendant did on or about the 24th day of August, 1917, in plaintiff's place of business, at Olaa, County and Territory of Hawaii, wrongfully, unlawfully, maliciously and with violence assault plaintiff by taking hold of plaintiff's arm and with force and violence twisted plaintiff's arm then and thereby dislocating plaintiff's arm at his shoulder; that defendant threw plaintiff violently to the floor thereby causing injury and pain to plaintiff; that immediately after dislocating plaintiff's arm and throwing plaintiff to the floor as aforesaid, defendant took plaintiff to the county jail at Olaa, County and Territory of Hawaii, and placed plaintiff in said jail, and in said jail searched plaintiff's person, and caused plaintiff to be imprisoned and kept in said jail for a period of about fifteen minutes; that by reason of the injuries aforesaid plaintiff has suffered and now suffers great physical pain; that by reason of said injuries plaintiff was compelled to procure the services of a physician to reduce said dislocation and in that behalf has incurred liabilities and debts in the amount of twenty-five ($25.00) dollars; that by reason of said injuries, plaintiff was unable for a period of five days personally to attend to his business, and plaintiff's services during that period were and are reasonably worth the sum of twenty-five ($25.00) dollars. Wherefore plaintiff prays judgment for the sum of Two Thousand ($2000.00) Dollars, together with the costs of court," etc.

The defendant's answer was a general denial under which he was entitled to give in evidence as a defense any matter of law or fact whatever. (Sec. 2369 R. L. 1915.)

The defendant's contention is that the foregoing complaint sets up an action for damages for assault and battery only and cannot be construed as alleging a case of false imprisonment. On the other hand the plaintiff maintains that his action is for damages for unlawful arrest and imprisonment (false imprisonment) and was so

construed by the parties and by the court upon the trial. He further contends that having been so treated and understood throughout the trial that it is now too late to object to its being so treated.

Counsel has not called our attention to any authority bearing on the question of whether the treatment of an action by the parties and the trial court as being of a nature other than that made out by the pleadings would, after verdict and judgment, justify us in so treating it. We are familiar with the rule announced in *County of Hawaii* v. *Purdy,* 22 Haw. 272, to the effect that where a complaint was defective in that a material fact was not alleged and at the trial the material fact with other facts was stipulated without objection and the plaintiff recovered judgment the defect was cured by the stipulation and judgment. In *Machado* v. *Mitamura,* 24 Haw. 224, the *Purdy* case was approved and it was held that where evidence was received *pro* and *con* as to a certain element of damage and the case tried on the theory that the element of damage had been pleaded, it was too late after verdict to complain of the insufficiency of the pleadings as a justification of the evidence admitted.

But we do not think that the rule should be extended to allow a plaintiff to come into court upon a complaint setting up one cause of action and then by reason of the fact that evidence tending to establish and refute a case of an entirely different nature was received claim that his action was changed in its nature.

The nature of this action then must be determined by the pleadings alone and we think that it is essentially an action for damages for assault and battery. The reference in the complaint to the arrest and incarceration of plaintiff by defendant is clearly descriptive of the assault which the plaintiff alleges the defendant committed upon him and cannot be said to have changed the complaint into one

for false imprisonment. This conclusion is further supported by the fact that the only injuries for which plaintiff claims actual damages are physical pain from a dislocated shoulder, doctor's bill, and loss of time from his business caused by the same injury. Moreover we think that the record fails to disclose that this case was treated and considered as anything but a case of assault and battery by the parties and the court at the trial. The court told the jury:

"This is an action brought by the plaintiff against the defendant to recover actual and exemplary damages for injuries alleged to have been wrongfully, unlawfully, maliciously and with violence, inflicted upon the plaintiff by the defendant. In measuring the actual or compensatory damages, you must consider any bodily suffering, mental suffering, loss of time while incapacitated for business, and expenses of physicians' bills, whether paid or not, which the evidence shows plaintiff has sustained and incurred, and exemplary or punitive damages are allowed when it appears that the defendant was actuated by malicious motives, as, for instance, when a violent assault and battery has been committed without any apparent provocation, or upon slight and inadequate provocation.

"In this case if you find from a preponderance of the evidence that the defendant committed an unlawful assault and battery on the plaintiff and that the plaintiff suffered physical and mental pain; loss of time while incapacitated; and incurred debts or liabilities on account of necessary services of a physician, no matter whether such debts or liabilities for physician's services have been paid or not, then your verdict should be for the plaintiff and should be in such sum as to give the plaintiff just compensation for the injuries received, as shown by the evidence, and if you further find from a preponderance of the evidence that the defendant did commit an assault and battery on the plaintiff and that in committing the same the defendant was actuated by malicious motives, or by a wilful intent to do a severe bodily injury to the plaintiff, you may go beyond the rule for just compensation to the plaintiff for the

injury received and allow exemplary or punitive damages; exemplary or punitive damages as above indicated are allowed as a punishment, and, for the sake of example, to deter others from committing like offenses. Total damages, however, in excess of the sum of two thousand dollars should not be allowed to the plaintiff.

"Malice which will authorize a recovery of exemplary or punitive damages may be actual or presumed. Malice in common acceptation means ill will against a person; but in its legal sense it means a wrongful act, done intentionally; without just cause or excuse. Malice which is presumed or malice in law, as distinguished from actual malice or malice in fact, is not personal hate or ill will of one person toward another; it refers to that state of mind which is reckless of law and of the legal rights of the citizen in a person's conduct toward that citizen.

"Mere words never justify an assault. Abusive language and epithets, used by the plaintiff against the defendant, if you find from the evidence that such language was used, is no justification for an assault and battery on the plaintiff by the defendant.

"If an officer has a right to make an arrest, the one arrested has no right to resist. And conversely, if an officer unlawfully attempts to arrest a person, such person may lawfully resist the officer. Whatever I may lawfully enjoy, I may lawfully defend. In the protection of my own rights, whatever is (un)lawful for another to do, it is lawful for me to prevent him from doing.

"Our statute provides that 'where the person arrested refuses to submit or attempts to escape, such degree of force may be used as is necessary to compel him to such submission.' Under this statute the amount of force which may be lawfully used in effecting an arrest is no more than is reasonably necessary under all the circumstances to secure the arrest and safe custody of the accused. If he uses more force than the occasion calls for, he is guilty of assault and battery.

"If from the preponderance of the evidence in this case you find that the plaintiff had committed no criminal offense in the presence of the defendant, then you are instructed as a matter of law, that if from the evidence you

find that the defendant made an unlawful assault on the plaintiff, and that the plaintiff was injured in such assault, then the plaintiff is entitled to recover such damages as the evidence shows he has suffered, if any, not in excess of the sum of two thousand dollars."

The above instructions, given at plaintiff's request, certainly do not contain any language which would indicate that the plaintiff or the court considered the action other than one for damages for assault and battery, and such references as there are in said instructions to the rights of an officer in making an arrest were intended to inform the jury as to what would amount to assault and battery by an officer in making an arrest.

The same may be said of instructions given at the request of defendant and such evidence as was offered and admitted tending to show whether the defendant was lawfully or unlawfully attempting to arrest the plaintiff when the plaintiff received the injuries of which he complains.

A peace officer is not liable for injuries inflicted by him in the use of reasonably necessary force to preserve the peace and maintain order or to overcome resistance to his authority; but if unnecessary violence is used to accomplish the purpose, or he assaults a person without just excuse, he becomes a trespasser and is liable as such. (3 Cyc. 1076 and cases cited.)

Under the pleadings the defendant was entitled to show, if he could, that in doing what he did he was undertaking to lawfully arrest the plaintiff, from which showing it would follow that he was not guilty of an assault and battery if no more force was used than was reasonably necessary to effect the arrest. Likewise the plaintiff was entitled under the pleadings to show, if he could, that the defendant was attempting an unlawful arrest of the plaintiff in order to show that whatever force was used amounted to an assault and battery, or failing in this, to show that more force than was reasonably necessary was

used and thus establishing his case. This, it seems, was the theory on which the case was tried—the only theory warranted by the pleadings.

The trial resulted in a verdict and judgment in favor of the defendant and the plaintiff duly excepted and filed his motion for new trial and in said motion alleged as grounds thereof the following:

"That the verdict rendered by the jury is contrary to the law, the evidence and the weight of the evidence, in that among other things the evidence conclusively shows that more force was used by the defendant than was reasonably necessary to place the plaintiff under arrest.

"For error committed by the court in refusing to give plaintiff's request for instructions Nos. seven, eleven and twelve, in general and particularly because the defendant having arrested plaintiff and the defendant having failed to take the plaintiff before the court having jurisdiction of the offense for which the plaintiff was arrested, and the defendant having voluntarily released plaintiff from custody, the defendant became a trespasser from the beginning."

The motion was granted and a new trial ordered because the court, as stated by it, "feels that prejudicial error was committed in refusing to give plaintiff's requested instructions eleven and twelve," to which ruling the defendant duly excepted and an interlocutory bill of exceptions having been approved by the court the ruling of the court in granting the new trial is before us for review.

Instructions numbers eleven and twelve, which the trial court now feels it was prejudicial error to refuse and because of which the new trial was granted, are as follows:

"No. 11.   If from the preponderance of the evidence in this case you find that the plaintiff did commit a criminal offense in the presence of the defendant, and that defendant arrested plaintiff for that offense, and that defendant did not take plaintiff before the court having jurisdiction

of the offense, and that the defendant voluntarily released plaintiff from custody, then you are instructed as a matter of law that the defendant is liable to the plaintiff for the injury, if any, which the evidence shows he received at the hands of the defendant in making the arrest."

"No. 12.    If you find from the preponderance of the evidence in this case that the defendant arrested the plaintiff without warrant, for a misdemeanor committed in the defendant's presence and that defendant having so arrested plaintiff did not bring the plaintiff before the court and did not procure a warrant or file a charge against him for the alleged misdemeanor and that defendant voluntarily released plaintiff from custody, then I instruct you as a matter of law that the failure of the defendant to so proceed made him a trespasser from the beginning."

Number seven, which was also refused, need not be set out as it is of like import as the ones quoted.

These instructions were properly refused.    To have given them would have tended to mislead rather than enlighten the jury.

This case being, as we have found, one for damages for assault and battery and not one for false imprisonment, to have given the requested instructions would have been equivalent to telling the jury that a refusal on the part of the defendant to continue to do violence to the plaintiff's person by keeping him incarcerated until he could be brought before a magistrate or a charge properly lodged against him would make such violence as he had theretofore inflicted upon plaintiff in effecting his arrest unlawful regardless of any justification that existed at the time. This we cannot conceive to be the law.

We do not deem it necessary for us to decide, and we do not decide, whether the instructions refused correctly stated the law as applicable to a suit for damages for false imprisonment.    Our remarks are applied only to the character of case before us.

The questions of fact raised by the pleadings and the

Syllabus.

evidence were appropriately submitted to the jury upon the trial and the jury has determined those facts. The verdict was amply supported by the evidence which was conflicting, especially as to whether the plaintiff had committed a penal offense in the presence of defendant; as to whether he resisted arrest and as to whether the dislocation of his shoulder was due to his own fault or to violent handling of him by defendant. The evidence was so conflicting that it would have amply supported a verdict in favor of either party.

We conclude that the motion for new trial showed no sufficient reason for setting aside the verdict of the jury and should have been overruled.

The exception to the ruling of the court in sustaining the motion for new trial and the order granting a new trial is sustained.

*H. L. Ross* for plaintiff.

*J. W. Russell* for defendant.